T. W. ALDERMAN, Appellant, v. ORLANDO CITRUS GROWERS ASSOCIATION, WACHOVIA BANK & TRUST COMPANY, Individually and as Executor of the Last Will and Testament of E. D. VAUGHN, Deceased, and LULA H VAUGHN, Appellees.

199 So. 578
Division A
Opinion Filed January 10, 1941

G. P. *Garrett,* for Appellant;

*Whitfield, Wright & Whitfield,* for Appellees.

TERRELL, C. J.—Appellant purchased two tracts of land and executed a purchase money mortgage on each tract. He later executed a second mortgage to the Morris Plan Company of Tampa on the same lands. He was a member of and executed a crop lien describing said lands to Orlando Citrus Growers Association, a coöperative marketing association.

In September, 1938, the holders of the purchase money mortgages brought suits to foreclose. Final decrees were entered and sale was held in May, 1939. The lands were purchased at the sale by the purchase money mortgage holders, the sale was confirmed and master's deeds duly issued. The purchasers conveyed the properties to the Orlando Citrus Growers Association which executed mortgages to the original purchasers.

In September, 1939, appellant filed his original bill of complaint to have Orlando Citrus Growers Association declared to be a constructive trustee and to be the holder of the properties in trust for appellant. The bill also prayed for an accounting against appellee because it had marketed appellant's fruit previous to the foreclosure. The original and the amended bill later filed were dismissed for want of equity and this appeal was prosecuted. Error is assigned for dismissing both bills of complaint and for dismissing them as to certain parties but the real question is whether or not either bill of complaint stated equity.

Both bills of complaint were grounded on fraud but an examination of them does not convince us that the transaction was infected with fraud. The record shows that appellant had become involved on past-due obligations for various purposes, that the foreclosures were in all respects regular and were not challenged at the time, that since the final decree and sale nothing has transpired on which fraud can be predicated or that will support a new cause of action.

True appellant claims that he had been bereft of a potential equity in the lands but if foreclosures were permitted to be relitigated in the manner proposed here, they would never end.

Affirmed.

BUFORD, THOMAS and ADAMS, J. J., concur.

Justices WHITFIELD, BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.